IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HUBERT BASFORD,<br>ROXANNE BASFORD, and<br>BEAR MOUNTAIN<br>CONTRACTING | ) | |
| Plaintiffs, | ) | No. 05-781C<br>(Judge Baskir) |
| v. | ) | |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in the first and second sentences of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth; the allegations contained in the third sentence of paragraph 1 are conclusions of law to which no response is required, but admit that "Bear Mountain Contracting" was awarded a contract by the United States Forest Service ("Forest Service") which is the subject of the complaint in this action.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of

law and plaintiff's characterization of their complaint to which no response is required, to the extent they are deemed allegations of fact, they are denied.

4. Admits to the extent supported by the written claim and written final decision referenced, which are the best evidence of their contents.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

6. Admits to the extent supported by the injunction order cited, which is the best evidence of its contents.

7. Denies the allegations contained in the first sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth; admits the allegation contained in the second sentence of paragraph 7 to the extent that defendant was aware that an injunction order had been issued by the United States District Court of Montana, Missoula Division; otherwise denies the allegations contained in the second sentence of paragraph 7.

8. Admits to the extent supported by the Request for Quotation ("RFQ") cited, which is the best evidence of its contents.

9. Admits to the extent support by the contract cited, which is the best evidence of its contents.

10. Admits to the extent supported by the RFQ cited, which is the best evidence of its contents.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the RFQ cited, which is the best evidence of its contents. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents.

12. The allegations contained in paragraph 12 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of

law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

16. Admits to the extent supported by the contract cited, which is the best evidence of its contents.

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

18. Denies.

19. Admits to the extent of the contract cited, which is the best evidence of its contents.

20. Admits.

21. Admits.

22. Denies.

23. Admits.

24. Admits.

25. Admits the allegations contained in the first sentence of paragraph 25, except denies that the piled timber was "for transfer to the 'local mill.'" Admits the allegations contained in the second sentence of paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the letter cited, which is the best evidence of its contents; specifically denies the allegation that the stop work order was issued “with no explanation.”

27. Denies; alleges that at the time the stop work order was issued, plaintiffs were not actively working the contract work site.

28. Denies.

29. Admits to the extent supported by the letter cited, which is the best evidence of its contents; specifically alleges that “Black Butte” was Item 1 under the contract.

30. Admits to the extent supported by the letter referenced, which is the best evidence of its contents.

31. The allegations contained in paragraph 31 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

33. Admits to the extent supported by a letter to Contracting Officer

Dale Reckley, dated March 13, 2004, from Bear Mountain Contracting, which is the best evidence of its contents.

34. Denies the allegations contained in paragraph 34 that the contracting officer, "in response to Plaintiff's request for compensation . . . modified the contract;" admits that the contracting officer issued the cited letter, dated April 6, 2004, which is the best evidence of its contents.

35. Denies the allegation contained in paragraph 35 that the contracting officer's proposed bi-lateral modification of April 6, 2004 removed "the majority of the compensation from the Contract;" admits the balance of the allegations to extent supported by the contracting officer's letter of April 6, 2004, which is the best evidence of its contents.

36. The allegations contained in the first sentence of paragraph 36 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied; alleges that the contracting officer proposed a bi-lateral modification of the existing contract. See paras 34-35, above. Denies the allegations of second sentence of paragraph 36 that the plaintiffs "did not agree to the modifications" for lack of knowledge or information sufficient to form a belief; admits that the plaintiffs did not execute the proposed bi-lateral modification.

37. Admits to the extent supported by a letter to Mr. Catendad of the Forest Service, dated April 16, 2004, from Bear Mountain Contracting, which is the best evidence of its contents.

38. Admits.

39. Admits to the extent supported by the letter to Mr. Castaneda of the Forest Service, dated May 5, 2004, from Bear Mountain Contracting, which is the best evidence of its contents.

40. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

41. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

42. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

43. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

44. Denies.

45. Admits to the extent supported by the letter to Mr. Castenada of the Forest Service, dated May 14, 2004, from Bear Mountain Contracting, which is the best evidence of its contents.

46. Admits to the extent supported by the letter to Bear Mountain Contracting, dated May 18, 2004, from Contracting Officer Dale Reckley, which is the best evidence of its contents.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

48. Admits to the extent supported by a letter to Mr. Castenada of the Forest Service, dated May 21, 2004, from Bear Mountain Contracting, which is the best evidence of its contents.

49. Admits to the extent supported by the letter referenced, which is the best evidence of its contents.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief.

51. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

52. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

53. Denies.

54. The allegations contained in paragraph 54 are conclusions of

law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

55. Denies the allegations contained in paragraph that "[u]pon discovery of the contracting officer's apparent revocation of his earlier assurances of Plaintiff's payment" for lack of sufficient knowledge or information to form a belief as to their truth; admits the balance of the allegations to the extent supported by a letter to Mr. Castenada of the Forest Service, dated July 6, 2004, from Bear Mountain Contracting, which is the best evidence of its contents.

56. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

57. Admits to the extent supported by the order referenced, which is the best evidence of its contents.

58. Admits to the extent supported by the letter cited, which is the best evidence of its contents; alleges that the offer of reinstatment had been made by the contracting officer orally, five days earlier on August 25, 2004.

59. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

60. Admits the first sentence of paragraph 60 to the extent

supported by the letter cited, which is the best evidence of its contents. The allegations contained in the second sentence of paragraph 60 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

61. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

62. Admits that plaintiff's settlement proposal was supported by an attachment drafted by Dan Pittman, a forestry and natural resources consultant to the extent supported by the settlement proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Denies.

64. Denies.

65. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

66. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

67. Admits to the extent supported by the letter cited, which is the best evidence of its contents.

68. Admits to the extent supported by the letter cited, which is the

best evidence of its contents.

69. Admits.

70. The allegations contained in paragraph 70 are conclusions of law and plaintiffs' characterization of their complaint to which no response is required, to the extent they are deemed allegations of fact, they are denied.

71. Defendant's responses to paragraphs 1 through 70 of the complaint are incorporated by reference.

72. The allegations contained in paragraph 72 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

73. The allegations contained in paragraph 73 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

74. The allegations contained in paragraph 74 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

76. Defendant's responses to paragraphs 1 through 75 of the complaint are incorporated by reference.

77. The allegations contained in paragraph 77 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

78. Denies.

79. Denies.

80. The allegations contained in paragraph 80 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

82. Defendant's responses to paragraphs 1 through 82 of the complaint are incorporated by reference.

83. The allegations contained in paragraph 83 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 are conclusions of law to which no response is required, to the extent they are deemed

allegations of fact, they are denied.

85. The allegations contained in paragraph 85 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

86. Denies.

87. Denies.

88. The allegations contained in paragraph 88 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

89. Defendant's responses to paragraphs 1 through 88 of the complaint are incorporated by reference.

90. The allegations contained in paragraph 90 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

91. The allegations contained in paragraph 91 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

92. The allegations contained in paragraph 92 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

93. Denies.

94. Denies.

95. The allegations contained in paragraph 95 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

96. Defendant's responses to paragraphs 1 through 95 of the complaint are incorporated by reference.

97. The allegations contained in paragraph 97 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

98. The allegations contained in paragraph 98 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

99. The allegations contained in paragraph 99 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

100. Denies.

101. Denies.

102. The allegations contained in paragraph 102 are conclusions of law to which no response is required, to the extent they are deemed

allegations of fact, they are denied.

103. Defendant's responses to paragraphs 1 through 102 of the complaint are incorporated by reference.

104. The allegations contained in paragraph 104 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

105. Denies.

106. Denies.

107. Denies.

108. Denies.

109. The allegations contained in paragraph 104 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

110. Denies.

111. Admits.

112. The allegations contained in paragraph 112 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

113. Denies.

114. Admits.

115. The allegations contained in paragraph 115 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

116. Defendant's responses to paragraphs 1 through 115 of the complaint are incorporated by reference.

117. The allegations contained in paragraph 117 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

118. The allegations contained in paragraph 118 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

119. The allegations contained in paragraph 119 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

120. The allegations contained in paragraph 120 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

121. Denies.

122. Denies.

123. The allegations contained in paragraph 123 are conclusions of

law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

124. The allegations contained in paragraph 124 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

125. Defendant's responses to paragraphs 1 through 125 of the complaint are incorporated by reference.

126. The allegations contained in paragraph 126 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

127. The allegations contained in paragraph 127 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

128. The allegations contained in paragraph 128 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

129. The allegations contained in paragraph 129 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

130. Denies.

131. Denies.

132. The allegations contained in paragraph 132 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

133. The allegations contained in paragraph 133 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

134. Defendant's responses to paragraphs 1 through 133 of the complaint are incorporated by reference.

135. Denies the allegations contained in the first sentence of paragraph 135. The allegations contained in the second sentence of paragraph 135 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

136. The allegations contained in paragraph 136 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

137. The allegations contained in paragraph 137 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

138. Denies.

139. The allegations contained in paragraph 139 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

140. The allegations contained in paragraph 140 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

141. The allegations contained in paragraph 141 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

142. The allegations contained in paragraph 142 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

143. The allegations contained in paragraph 143 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

144. The allegations contained in paragraph 144 are conclusions of law to which no response is required, to the extent they are deemed allegations of fact, they are denied.

145. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 144, specifically including

sub-paragraphs A through Q, or to any relief whatsoever.

146. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Tele: (202) 307-0282
Fax: (202) 514-8624

OF COUNSEL:
Jennifer Newbold
Office of Counsel
Department of Agriculture

November 16, 2005

Attorneys for Defendant

## CERTIFICATE OF FILING

I hereby certify that on November 16, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Bryant G. Snee
BRYANT G. SNEE